Next matter for argument in the United States. Good morning. May it please the court. My name is Daniel Lader along with co-counsel Joseph DeRuzo on behalf of appellant Kenneth James. And this case presents an issue of whether the district court abused its discretion by denying the appellant's I believe the record makes it clear that the appellant has more than met his burden to show a fair and just reason for the withdrawal. And especially cons. Mr. Ladder, let me begin really with I guess what might be characterized as a somewhat blunt question. The Supreme Court teaches us that solemn declarations in open court carry a presumption of verity. Subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal as are contentions that in the face of the record are holding in federal. Now, during his plea policy, Mr. James unequivocally declared the following. His attorney explained the charges against him. The plea agreement explained that to him. He said he was satisfied with his counsel's representation. That he fully understood his plea deal. Said he was pleading guilty out of his own at all. Not any made to him. In in the face of all that you we should now discount in favor of these later allegations that it was involuntarily unintelligent. I'm sorry. You're breaking up a tiny bit on the feed, but I think I am able to respond. I believe that yes, as you were saying statements made under oath in open court carry presumption of validity. However, is a very rebuttable presumption. In this case, Mr. James did explain the reasoning of why he changed course later on. And it wasn't just because he had an affirmative defense of entrapment or alternatively, he said he didn't the government would not be able to prove the element of intent because he didn't know it was in the bags. Was also due to his relationship with his initial appointed attorney, which is corroborated in the fact that the appointed attorney admitted in his motion to withdraw that there was irreconcilable differences and the court allowed him to withdraw. And so further in Mr. James's pro se motion, he explained all his ongoing issues with the attorney at that point. And two days later, I believe in Attorney Caddy's motion to withdraw, he simply mentioned that they discussed the likelihood of acquittal, but even though James repeatedly mentioned his entrapment defense in his pro se motion, Attorney Caddy didn't mention that once. He didn't say they discussed it. He didn't say that they ruled it out because it was implausible or that it wouldn't be able to be proved by Mr. James. And so in light of that, given that on top of that, Mr. James's contentions are consistent throughout the record that he did not want to do it. The confidential informant pressured him into it. It wasn't until a third individual that he did not know, there was a friend of the confidential informant, gave him the bags to take to the CI that his involvement occurred. But he's not urging factual innocence, is he? I mean, he approved of the statements saying that there were several phone calls and conversations with the confidential source. He arrived at the hotel where the source was staying, entered the room carrying a bag that contained the 12 kilograms of cocaine. He negotiated to sell each kilo for $13,500. I mean, is he contending his factual innocence or or his legal innocence via an entrapment defense? I think it's important to realize that while he did answer yes in the affirmative to that, that wasn't his narrative of the events. Well, he should have spoken up and said that, shouldn't he? He should have, but that's why we give, that's why we have this rebuttable presumption. So wait a second. Are you making a factual innocence argument? Are you in fact here saying, yeah, all that stuff he said happened, didn't happen. That's all a lie. I would say that. Well, that's a yes or no. You can just give me a yes or no and then explain. Is he making that argument that he didn't do it? Yes. So he said, in the sense that he has claimed in open court more than once that he did not know what was in the bag at the time, so that negates the element of intent. So, so when he admitted that he negotiated the price for each kilo of cocaine, that's an admission in court. He's now saying that's an admission that was false. Yes, which is consistent with his other. Okay. Now, how can, how can it be legally accurate to say, on the one hand, I'm factually innocent, and on the other hand, I'm entrapped. I thought entrapment and factual innocence were mutually exclusive ideas. That entrapment, in fact, was a statement that, yes, I did this crime, but I was pulled into it. Sure, but at the same time, this illustrates the issue with the district court denying the request for an evidentiary hearing. There's just. This doesn't need a hearing. This is just a matter of logic. How can, as a logical matter, how can you take both positions? How can you take the position that he's factually innocent and take this position that he did commit the crime, but it should be excused because the government did something bad? Those are two. How do you get to both positions at the same time, Mr. Ladd? So let's start with you're saying they're mutually exclusive, which is correct, correct. So let's assume for the moment that the entrapment is true. So how can we make the other claim true? Well, if he was entrapped, if he knew what he was supposed to be doing, he was asked to do, and then finally the very end did so, but he had not opened the bags. He did not know for certain what was in the bags. That would be consistent with the entrapment defense in that he was pressured into it. And even though he was constructively informed of what was in the bags, he hasn't made an independent verification. And so although he made a simple claim. So that's not a, I take it what you're saying there is he, he is guilty. So you don't have a fax. I mean, I'm just, maybe, maybe you've got a legal argument that I haven't apprehended. But if these are, as I think the law says they are, mutually exclusive defenses, you can't be advancing both at once. You have to either acknowledge, hey, he's factually guilty, even if it's on the basis of a constructive knowledge. Sure. But, legally, he's innocent because of entrapment. Sure, I would point out the record. There's much more the record to substantiate his entrapment defense. So if you had to pick one, that's the horse you'd ride? Absolutely. But the problem is if you want to withdraw your guilty plea, you have to assert your factual innocence, not your legal innocence. So you fail on the first prong, if you will. I believe that's a misinterpretation of the standard. I believe that many appellate courts, as well as the Supreme Court, has identified that it's a fair and just reason. The factors are guiding principles to determine whether it's a fair and just reason. If a defendant such as James, who has never made contact with the judicial system before, he's not a professional criminal who's been through the motions time and time again. This is his first time. He's pressured by his attorney, who they're clearly not communicating, not getting along. He feels... He said he was under duress, right? He said, yes, he is under duress. Right, right. But his less than stellar ability to weave together legal principles into a coherent and fully fledged defense relates to his inability to communicate well with his attorney. Okay. Now, let's assume for the sake of discussion, we were to accept your argument that legal innocence, or at least a variety of legal innocence, independent of factual innocence, can properly be the basis of a withdrawal of a guilty plea. Even those cases that stand for that proposition all seem to say that you have to have advanced enough information to make the argument plausible. That is, that there's something beyond self-serving statements to indicate that this is plausible. What can you point to that shows that this entrapment defense, other than his self-serving statements, is a plausible factual scenario? Well, the use of the confidential informant, he made the claim that the confidential informant had been arrested and was taken out in order to implicate other people so that he could help reduce... Happens all the time. That doesn't mean that there's an entrapment. I mean, let me get more specific. In this case, it seems to be uncontested that he shows up with 15 kilograms of cocaine and he's... In my understanding, he didn't show up with it. He showed up and then it was brought out to him. Well, he goes to the hotel with it, right? I mean, nobody else is going to the hotel with him. He's going to the hotel with the 15 kilograms of cocaine. Is that right? I believe so. Okay. You know, that's not the action of a neophyte. Somebody who... You don't stumble on that. He's got some sophistication because it's also unrebutted that he's negotiating with the people about the price for these things. In light of those facts, which are not reasonably contested and be admitted by the defendant, how could we say there's a plausible argument that he was dragged into this kicking and screaming? He was entrapped. Well, for an outsider to come in their first time, this is, again, the fact pattern you're describing is inconsistent with someone with his clean, untouched criminal history. No. I'm not... When you say that the fact pattern I'm posing, these are the facts. And the fact that he never got caught before, perhaps, doesn't mean he's an innocent. It just means he must be really good. I mean, that's one plausible assumption you can make from these facts. He doesn't... He doesn't come across as an innocent because innocents don't have access to 15 kilograms of cocaine, do they? Sure, I see what you're saying. And I believe that that your comparison to these other cases also lies the fact that in those cases, they did hold evidentiary hearings. Mr. James wasn't allowed to present all the potential evidence. Your hypothetical is one of many, and he could have many that would support his claim as well. And the problem is that the District Court didn't delve into that. In these other cases, they did. In... Can I ask one more question? I know you're past your time, if my colleagues will indulge me. There was an appellate waiver here. And if I understand the argument that is coming from your side of the courtroom, it is that well, a withdrawal of a guilty plea is a circumstance that requires the court to ask whether there is a valid basis for the withdrawal. And therefore, in essence, you got to look at the merits. Have I understood your argument correctly? Yes. Okay. So doesn't that mean that an appellate waiver will always be meaningless if somebody wants to withdraw their guilty plea because you will necessarily get pulled into the merits? Well, I think that just because an additional constitutional waiver or an additional waiver of a right is bound up with your guilty plea, which implies a panoply of waiver of constitutional rights, doesn't automatically prevent, especially for a pre-sentence motion to withdraw, which should be freely granted and liberally construed for the appellant. I don't think that, in its own, means that there is no turning back. I think that the fact that... I'm not sure I understand. My question is, if we're in a circumstance of the sort we are here, where somebody says, I want to withdraw my guilty plea, and in order for you to understand that it's fair for me to withdraw my guilty plea, you have to address the merits. That means necessarily appellate waivers are meaningless when it comes to withdrawals of guilty pleas. I don't think you've addressed the merits in every case to the extent that would be done so in a full trial. But there is a threshold you have to cross. Okay. Thank you. Thank you, Mr. Ladler. Did you... Well, did you want rebuttal, Mr. Ladler? I'm not sure we got that on the record. Four minutes? Okay, then it was reserved. All right. Thanks. Thank you. Good morning, Secretary O'Scrotty. On behalf of the United States government, the appellee in this matter, the United States believes that the district court did not abuse its discretion when it denied... Before you get to that, Judge Jordan anticipated what was to be my first question to do, and that is simply, how does the waiver of appellate rights that was contained in Mr. James' plea agreement bar this particular appeal? We believe it bars this particular appeal because Mr. James knowingly and voluntarily entered that plea agreement and agreed to waive any issues. He did not reserve in that plea agreement any... He did not enter into a conditional plea, where he would have been able to preserve his right to appeal any decisions on the district court's motion. But the waiver is limited to the right to appeal any sentence, the manner in which a sentence was determined, or at 2255. That's correct. That's the waiver of appellate. This is, he's appealing basically a conviction here, and that's not included in the waiver, is it? No, it's not, Your Honor. So how can you contend that he did waive his right to appeal? He waived his right to appeal the motion to dismiss, or I'm sorry, the motion to withdraw his guilty plea. That had to do with his conviction, correct? That is correct. I just can't find within the terms of the waiver anything that applies here. What specifically forecloses him? It's not conditional. He didn't waive, or he didn't reserve his right to appeal the decision of the district court to withdraw his guilty plea. But he didn't waive that either. Did he? Where does it, where would language in this waiver include the ability to appeal the refusal to allow him to withdraw his guilty plea? He didn't preserve that. Maybe I'm misunderstanding, Your Honor. In order to have a waiver, you have to have absolutely waived something, correct? That is correct. And I'm looking at the language of his waiver, and I can't find within it his waiver of appellate rights with respect to this type of motion. Can you help me with that? Knowingly waives a right to appeal a sentence, or a manner in which a sentence was determined, or the right to petition under 28, 2255. I don't see any waiver that would encompass what we have before us. The manner in which the sentence is imposed, Your Honor. The manner in which the sentence is imposed? Because it was imposed on the denial of his motion to withdraw his guilty plea. And it's not a conditional plea where it specifically says, we will allow him to plea or appeal his denial of any motions by the district court. The case law says appeal of a denial of a motion to withdraw a guilty plea constitutes a challenge to the conviction, not the sentence. I mean, the case is, if you can cite to me something that says it has to do with the sentence rather than conviction. But I can't find that in the case law. On that point, Wilson, our Wilson decision says that it would be a miscarriage of justice to enforce a guilty plea pursuant to a plea agreement if the defendant should have been permitted to withdraw. That's the language of Wilson. If that's true, doesn't that necessarily mean that we have to look at the merits? Regardless, even if you got past the point that Judge Rendell raised, in order to understand whether this plea should have been permitted to be withdrawn, we got to look at the merits, right? If you're talking about the issues raised by the defendant based on and compare them to what's on the record, yes. Yeah. We have to engage the argument. The argument that, hey, I'm legally innocent. Here's what I understand their argument to be. And Mr. Lather can correct me if I'm wrong. But I understand the fundamental of their piece of their argument to be, look, the judge here said that you have to claim factual innocence and that legal innocence on its own can never be a basis for withdrawal of a guilty plea. They take issue with that. They have some cases that they say take issue with that. In order to understand whether he should have been permitted to withdraw his guilty plea, we need to know whether that's a legally correct argument. Because if it's legally correct and the judge applied a wrong principle, then he should have been permitted to withdraw the plea. Do you follow the logic that I'm trying to get at? I believe so, Your Honor. Okay. So if that's true, if that line of argument is correct, then regardless of your appellate waiver, we have to engage that argument. So the waiver is meaningless here, is it not? To the extent that the court accepts that it has to follow that logic, yes. In the alternative, we're asking that the court enforce the appellate waiver because the defendant knowingly and voluntarily and intelligently entered that plea agreement. And we are also arguing that the district court didn't abuse its discretion when it denied the motion to withdraw because the defendant only claimed legal innocence. And based on the answers to the Rule 11 colloquy and his motion, his pro se motion and the motion filed by the defense counsel, there was no evidence put forth as to why the Rule 11 colloquy was inadequate. So what you're doing now is you are engaging with the merits. So I take it that you're in agreement that we have to engage the merits. But your argument, if I've understood it correctly, is hey, the judge didn't just say legal innocence is insufficient. The judge said you haven't put anything forth in this case that would permit me to say you could make that case. That is correct, Your Honor. Okay. And because the defendant didn't do that, the motion to withdraw the guilty plea was denied. The defendant seems to want to have his cake and eat it, too. He wants to say I'm too naive to have committed the crime, but I was entrapped to commit a crime that I was too naive to be part of. And that can't reconcile the two. He either committed the crime and had the entrapment defense. Well, let's talk for a minute about legal innocence as a basis for withdrawing a plea. I can understand some of our case law that would indicate that if, as saying not that there's no variety of legal innocence that could stand as a basis for withdrawal, but that there are some kinds of arguments that are made and posed as legal innocence which are insufficient. So, for example, there's a big difference between saying I didn't do it, which is a factual assertion of innocence, and you can't prove I did it, which is what some defendants, at least in our case law, pose as legal innocence. Whereas that kind of legal innocence is really saying you've got a failure proof, you just you can't prove I did it, and the courts have said that's not good enough. Isn't that kind of quote legal innocence, and we put those words in quotes in our case law, isn't that different from an assertion of legal innocence, which is a pure legal theory like entrapment, which says, yeah, I did it, but the law says I'm not punishable for it. Those are two different kinds of things that may go under the same banner of legal innocence, aren't they? You can't prove I did it, and I have a legal reason for not doing it? You can't prove I did it on the one hand, and it doesn't matter whether you can prove I did it or not. I'm happy to say, yeah, I did it, but I'm not punishable. I'm legally innocent, and entrapment is a classic example of that. Yeah, I did it, but the law says I'm not responsible for it. How those are fundamentally different sorts of things, aren't they? Yes, they are. Okay, and since on that point, why would our law say, why would it be right for us to say that that second kind of legal innocence, the yeah, I can't claim factual innocence, I did it, but the law says I'm not punishable for it. Why would we say that's not the basis for the withdrawal of a guilty plea? It stands independent of the facts. Because it's a affirmative offense that a defendant or an appellant can raise to assert. So what? Well, that's true, but that doesn't make it any less a matter of legal innocence. If a jury accepts it, the person is exonerated, right? Right. It's a legal innocence. It's not. Precisely. That's the argument. But it's not factual. They still participated in the crime, and there is more than just saying Mr. X committed the crime, but because of age circumstances, you can find him not guilty. So why isn't that enough? For instance, someone who was a juvenile and you didn't know they were juvenile, but all of a sudden you raise the fact that they were juvenile and they couldn't be convicted of the crime. Isn't that enough? It's enough to raise the claim, but it's not enough to say that that person is factually or actually innocent of the crime. Why not? They've still committed the crime, but they shouldn't have been found guilty. Correct? They shouldn't have been. The guilty plea was improper. Correct? Because they can't be guilty of the crime. Right. As a legal matter. As a legal matter. But why isn't that enough? That's what we're talking about here is as a legal matter. Why isn't that enough to be a full exoneration and therefore the basis of the withdrawal of a guilty plea? Because the withdrawal of a guilty plea is a recognition that there could not be a proper conviction. The issue that Judge Rendell raised where their law says that a minor can't be found guilty for something is a matter of law. Self-defense or entrapment. I'm sorry. An entrapment defense is an affirmative defense that a person can raise and the jury can either find that it was there or not. It's not. I'm having a hard time understanding why that matters logically to what the point is we're trying to wrestle here and I may be doing an inadequate job of putting this to you counsel and I apologize. I understand their argument to be the judge below made a fundamentally erroneous statement which is legal innocence can never be the basis of a withdrawal of a guilty plea. I understand their argument to be that's just not so. There are kinds of legal innocence which can be the basis of the withdrawal of a guilty plea. I'm trying to get you to engage that argument and in that argument I don't understand why it has any difference at all. Why it makes a difference whether it's an affirmative defense or not. The question is whether you can be legally innocent even though factually you committed you could be said to have done all the things that would constitute the crime but for another thing which the law says makes you quote innocent unquote like entrapment or like status as a juvenile. And in the cases that have found that the raising of legal innocence was appropriate to withdraw a guilty plea where entrapment was the assertion. There was the facts before the court were laid out in detail which aren't present in this case. Okay, that's a next step. So what I hear you saying if I got you right is you're not disagreeing with the argument that I'm trying to get you to engage with you're accepting that that could be the case but here you're saying it doesn't matter because he doesn't have the facts. Exactly. There are circumstances where the court has found that and in the Jacobson case I believe it was 26 months where the confidential source was instigating encouraging the defendant to engage in the criminal activity. And are you accepting then that the judge may have made the statement incorrectly that the district judgment was not fully accurate in saying that you have to assert factual innocence legal innocence is not enough. I think I don't I don't read the district court's opinion to saying legal innocence is not enough. I believe his opinion states that because James only inserts that he was trapped by a confidential source or an informant and didn't provide the court with any details on how he was entrapped let alone to point any evidence of the alleged entrapment. Here's the quote, assertions of mere legal innocence are insufficient to justify the withdrawal of a guilty plea. Proof of factual innocence is required. That's what the district court said. Right. And I believe it was it was quoting to other cases. But in the final paragraph on joint appendix page number 10, even the court said even if James's assertion of legal innocence were sufficient, bold allegations of innocence are insufficient to permit a defendant to withdraw his guilty plea. True. And then he goes on to give it. It's an alternative holding, right? Yes, Your Honor. Okay. And I believe because the facts were undisputed on the record and because the court went through a sufficient plea colloquy with the defendant that his assertion of entrapment was insufficient. So the court was proper in denying the motion to withdraw. And to note as well during the plea colloquy, there was a period of six minutes where the recording system had gone down. And in that time, if the defendant was not comfortable or not confident in his representative counsel, there was an opportunity that the defendant could have raised to bring this to the district court's attention. I see that concludes my time. If Your Honors have any further. Are there further questions from my colleagues? No. No. All right. Thank you. Thank you. Thank you. To address your questions about whether the district court said that legal innocence could never be a fair and just reason on its own in the absence of claim of factual innocence. Yeah, that is exactly what they said. And although it's pointed out that they spent a mere half a paragraph, half a page and one paragraph saying, well, even if legal innocence was enough, we don't see it here because they didn't dive into the question. They were viewing it through the lens of it's already precluded and we're not going to delve into the issue. Well, how can, yeah, I'm sorry. Significantly, James has not provided the court with any details on how he was entrapped, let alone pointed to any evidence of the alleged entrapment. Is that not a correct statement? At that stage of the proceedings, there was not much more Mr. James could have done on his own other than say the confidential Affordment repeatedly asked me to do it. I told him no. I told him no. He continued to ask me. I felt pressured and when someone walked into the room and asked me who I didn't know, I felt like I had no choice and I was forced into it. Right. Well, the state of the law says you ought to have something more than just your claims. If you're going to withdraw a guilty plea. I mean, that's not a that's not an I mean, you can say that's not fair, but that's the law, isn't it? The cases that you rely on for the principle that legal innocence can be enough are pretty specific in saying you got to show up with more than just your insistence that you were entrapped. You've got to have something to show it beyond your self-serving statements. Sure. But at that point they did the district court did not afford Mr. James a chance to do so. There's no cases. Do you have any case at all that says upon a defendant self-serving statements a the court must have an evidentiary hearing? Well, I have case law that says short of conclusive evidence in the record that they're incredible that have evidentiary hearing is required. What's your case that says when somebody comes forward and says I trust me. I was trapped. It's premise that there needs to be a substantiating evidence in the record, which to the degree that was available to present. There was he has no criminal history and that adds credibility that he's not predisposed that he he was visiting family. He wasn't in town specifically to do this deal. And at that point has to be something that was done by the government to entrap him. What what do we have here that would amount to anything similar to to what was in the James Jacobson case? Well without allowing further testimony and explanation from the appellant the fact that the confidential informant repeatedly engaged him for this and it wasn't just hey, I have this opportunity. Okay done. It was multiple contacts. It took time. He consistently explained that he didn't want to do it and it wasn't until three or four multiple repeated attempts to get his involvement that he finally complied. So whether or not that's conclusive either way, I believe is very unclear, which is why the district court should have obliged to delve further and the fact that he wasn't given the opportunity his story. Once he said I was in trap never change is consistent throughout but in his motion to surely he didn't need a hearing in order to recount all of the entrapment facts and he obviously didn't do that. Well without substantiating it comes from him. Sure. There his allegations as I want to withdraw my guilty plea because here how I was entrapped chapter and verse. This is what happened in this tape. This is what happened on that date. He called me. I refuse to take his calls. I didn't want to hear it. He met me here. I mean that's in the motion to withdraw the guilty plea. That's where all that has to be set forth. Don't need a hearing on that. I believe that on its own. There is a question of whether he could have provided more. I think taking all his statements is true. It's viable defense and the fact that he wasn't able to get more substantiation is illustrative of the district court's error. Thank you. My time is up. Thank you. Appellant requests to vacate the judgment and revamp the trial. Thank you. Thank you both of you. Clerk will take the matter under advisement. I will anticipate my colleagues call in short order and I'll ask the clerk to adjourn the proceedings.